UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR 06-0145 ML |
| | ) | |
| HOMMY ACEVEDO | ) | |

---

OBJECTION TO REPORT AND RECOMMENDATION

Now comes Hommy Acevedo, the Defendant in the above captioned matter, and objects to the Report and Recommendation issued by Magistrate Judge Martin on August 12, 2008, calling for his imprisonment for 3 months. Mr. Acevedo submits the attached memorandum in support of this objection.

Respectfully submitted
Hommy Acevedo
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Peter Neronha, Assistant United States Attorney, and Brian Pletcher, United States Probation Officer on August 21, 2008.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR 06-0145 ML |
| | ) | |
| HOMMY ACEVEDO | ) | |

---

MEMORANDUM IN SUPPORT OF OBJECTION TO REPORT AND RECOMMENDATION

Hommy Acevedo objects to the recommended sentence of 3 months for his violation of probation. The Court imposed the special conditions of mental health and substance abuse counseling as part of Mr. Acevedo's sentence in order to help assure his successful rehabilitation. Despite the fact that these conditions did not relate back to his conviction, his failures in treatment are now the basis for the present prison recommendation. The Court credit Mr. Acevedo for not committing any new crimes and for the successful strides he has made while on probation, and fashion a violation sentence which allows him to continue his counseling.

I. Travel of the Case

This Court sentenced Mr. Acevedo on April 13, 2007, to a three year probationary term for convictions on three counts of false statements in firearms purchase applications. The first 6 months of the sentence was served by Mr. Acevedo in home confinement. This Court imposed the extra conditions of mental health and substance abuse counseling on Mr. Acevedo's sentence.

In November, 2007, Mr. Acevedo appeared before Magistrate Judge Martin on an allegation that he had violated the terms of his probation by not fully complying with his counseling and testing positive for controlled substances. Mr. Acevedo admitted the violations and continued on probation pending sentencing. Mr. Acevedo appeared again in April, 2008, for an additional violation (non-compliance with treatment and testing positive for controlled substances) and again continued on probation pending sentencing. Judge Martin continued Mr. Acevedo's sentencing each time based

on his hope that Mr. Acevedo would be able to correct his behavior and also in acknowledgment of Mr. Acevedo's successes including obtaining employment and caring for his daughter. He was not, however, completely successful and after further missteps appeared before Judge Martin on August 5, 2008, for the final violation hearing. Magistrate Judge Martin's report recommending 3 months of incarceration followed that hearing.

## II. Individual Considerations

Pursuant to the initial sentencing in this matter, Mr. Acevedo gave an interview to the probation department and assisted them in his pre-sentence investigation. The resulting pre-sentence report ("PSR") was produced to the Court for consideration in sentencing.

The report detailed Hommy Acevedo's life and upbringing. He comes from a close-knit family of Puerto Rican descent. His parents showed him love and gave him support, and continue to support him today. Unfortunately, they were not able to give him the attention that he needed as a youth due to the significant, and ultimately fatal, health problems of Hommy's younger brother. His brother's illness demanded his parents' time and focus. The lack of attention for Hommy predictably led to his attraction to the wrong crowd, the use of marijuana, and educational failure. It also manifested itself in significant mental health concerns wherein Hommy exhibited self-mutilating and suicidal tendencies.

Despite these problems during his teens, Mr. Acevedo had fairly well righted his life in his 20's. He has been consistently employed his entire adult life. He earned his GED on his own in 2005. He has been able to contribute significantly to the care of his infant daughter. While it is true that he has continued to use marijuana, that has not significantly impeded his productivity. The sole black mark on his resume is this conviction.

After considering this information, all provided in the PSR, the Court chose to add the additional probation conditions of substance abuse and mental health counseling. Neither of these issues played a role in Mr. Acevedo's commission of his offenses of conviction, but certainly could assist in Mr. Acevedo's complete rehabilitation. Rehabilitation is, of course, an important factor to be considered in sentencing. 18 U.S.C. § 3553(a)(2).

Since his sentencing, Mr. Acevedo has been successful in many aspects of his probation. He

completed six months in home confinement. He has established himself as a trusted employee. He has been able to purchase a car, and, again, plays a significant role in the care of his daughter. The Court should also know that Mr. Acevedo split from his girlfriend (they had been living together with their daughter) and this breakup has caused him considerable stress on top of his other responsibilities. In his report, Judge Martin referred to the large size of Mr. Acevedo's court file in a negative light. That size likely corresponds to the very close scrutiny of Mr. Acevedo's drug and mental health treatment difficulties. It does not reflect, however, all of the success Mr. Acevedo has demonstrated during his probation; most particularly his lack of criminal conduct.

This Court knows that substance abuse and mental health problems very often closely relate to one another, and that defeating or controlling one's demons may be the most difficult part of a persons rehabilitation. Mr. Acevedo has these problems and has suffered repeated setbacks; the Court should expect further setbacks in the future because it is the nature of recovery. The Court imposed the conditions of counseling to help Mr. Acevedo. These problems had no connection to his crimes. The Court should applaud the fact that he has not committed any new crimes, and not use his counseling failures to now place him in prison.

Mr. Acevedo has tried to succeed in counseling. He has gone to sessions and changed providers in order to fit his work and his counseling into his schedule. Robert Marshall, Mr. Acevedo's counselor from Gateway Healthcare, confirms in his August 5, 2008, letter that Hommy has made honest efforts to participate in counseling since he started with Gateway in April, 2008. He indicates that he set goals for treatment with Mr. Acevedo, but they have not yet been met. Additionally, he states that Mr. Acevedo continues to exhibit behavior that is self destructive to the extent that it could have negative effects on his probationary status. The Court should consider Mr. Marshall's comments in the context in which they are made. The counselor-client relationship here is atypical in that: 1) a third party, the probation department, is paying for the treatment; 2) the third party has access to all of the information involved with and gleaned from the counseling; and 3) the counseling is Court ordered.[1] This relationship plainly impacts the success of the counseling because the client knows that everything done is subject to review by his probation officer and, possibly, by

[1] A typical counselor-client relationship is one of strict confidentiality that is sought out by the client.

the Court and attorneys. The counseling process is therefore more strained. Mr. Marshall recognizes that Hommy needs help, they identify the problems, and they work on tactics to overcome those problems. The Court should find troubling, however, that Mr. Marshall somehow expected Mr. Acevedo to have succeeded in conquering his issues after three and one-half months of treatment. That is not a realistic goal. The Court will recall that Mr. Acevedo has a history self harm and that Mr. Marshall has identified continuing destructive behavior. Mr. Marshall ought to focus on the source of this behavior rather than prematurely declaring Mr. Acevedo a failure. Mr. Acevedo is committed to the counseling and it should be allowed to continue.

III. Sentencing Considerations

A. General

Sentencing, even in the context of probation violations, is governed by 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3565(a). The statute directs the Court to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). Those purposes include providing just punishment, creating general and specific deterrence, incapacitating the defendant, and rehabilitating the defendant. 18 U.S.C. § 3553(a)(2). In order to effect these purposes the Court must consider an array of general and specific items of relevant information.

The specific information predictably pertains to the defendant and his particular circumstances. 18 U.S.C. § 3553(a)(1). The Court must consider the unique facts surrounding the charges upon which the defendant will be sentenced as well as his individual characteristics. The general information for consideration includes the types of sentences available and the advisory guideline range[2]. 18 U.S.C. § 3553(a)(4) & (5). The district judge then uses all of the compiled information when determining the appropriate sentence.

The sentencing process includes the calculation of the advisory guideline range and the weighing of relevant information affecting sentencing factors under § 3553(a). *See Gall v. United States*, 552 U.S. ___, 2007 U.S. LEXIS 13083, ***20-21 (2007) (following *Rita v. United States*, 551 U.S. ___, 2007 U.S. LEXIS 8269 (2007)). The district court must consider all of that

---

[2] The United States Sentencing Guidelines rendered advisory, not mandatory, by *United States v. Booker*, 543 U.S. 220 (2005).

information, make an individualized assessment of the information, decide whether the information supports the sentence requested by either party, and decide the appropriate length of the sentence. *Gall*, 2007 U.S. LEXIS 13083, at ***21. The sentencing court must "calculate the advisory sentencing guideline range accurately, so that they can derive whatever insight the guidelines have to offer, but ultimately they must sentence based on 18 U.S.C. § 3553(a) without a thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007) (interpreting *Rita).* The respect and considerate weight due for the suggested guideline range is born from the Sentencing Commission's production of certain guidelines based on empirical study and review of past practice. *See United States v. Smith*, 445 F.3d 1, 4 (1st Cir. 2006). Not all guidelines, however, are based on such data and sentencing courts are therefore free to disagree with suggested guideline ranges on pure policy grounds. *Kimbrough v. United States*, 552 U.S. ___, 2007 U.S. LEXIS 13082, ***31-32 (2007).

Section 7B of the advisory sentencing guidelines governs recommendations for violations of probationary terms. This section is comprised of policy statements, not guidelines based on empirical data and past practice, and therefore do not carry any presumptive weight. In this instance Mr. Acevedo admitted to not complying with the terms of his probation, as opposed to committing a new crime. The violation is therefore a Grade C violation. U.S.S.G. § 7B1.1. Combined with Mr. Acevedo's criminal history category of I, the guidelines recommend a sentence of 3 to 9 months in prison. U.S.S.G. § 7B1.4.

B. Magistrate Judge Martin's Recommendation

Judge Martin's recommendation, on its face, appears reasonable because it is a short period of time and it reflects the low end of the advisory guideline range. The recommended time period, however, does not adequately relate back to the purposes of sentencing. Judge Martin's basis appears to be general deterrence and promoting respect for the law. Judge Martin states that the Court had given Mr. Acevedo many opportunities to comply with the conditions of his probation, and given him many warnings about possible punishments if he was not successful in his mental health and drug treatment. Ultimately Mr. Acevedo was not successful and Judge Martin concluded that the warnings had little effect. Judge Martin also supposed a possible effect of Mr. Acevedo's

lack of compliance resulting in the lack of compliance by other probationers and supervisees. While Judge Martin's recommendation is grounded in acceptable reasons under § 3553(a), it nevertheless results in an unreasonable sentence in this instance by not giving sufficient weight to other factors.

C. The Minimally Sufficient Sentence

The Court must impose a parsimonious sentence supporting the purposes of sentencing: just punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a). Other than attempting to promote respect for the law through bare incarceration, Judge Martin's recommendation fails to address all of these concerns.

Mr. Acevedo does not present any danger to the community. Incapacitation for the public's protection is therefore not a valid reason for this sentence. Likewise, the specter of Mr. Acevedo's violation proceedings influencing the conduct of someone else cannot support this sentence. Also, based on the psychologist's recognition of, and Mr. Acevedo's history of, self destructive behavior, it cannot be argued with any certainty that a prison sentence will act to specifically deter Mr. Acevedo from future violative behavior.

The most important consideration, however, must be the effect of a prison sentence on Hommy's rehabilitation. The Court imposed these counseling conditions to ensure a successful rehabilitation though these issues did not relate to the crime of conviction. Judge Martin recommends a 3 months sentence because Mr. Acevedo has not been fully compliant with counseling. It is fairly apparent, however, that he is engaged with counseling and is attempting to change his life; he has simply fallen short of success. The proposed sentence will not support Mr. Acevedo's attempts of rehabilitation at all. With a sentence of this length he will be sent to serve the time at the Wyatt facility in Central Falls. The Wyatt facility does not provide any substantive drug counseling or mental health treatment because it is a detention facility not a correctional institution. In the very slim possibility that Mr. Acevedo lands in BOP run prison, the Court must understand that he will not be in the system long enough to receive any treatment. Essentially, the recommended sentence will completely remove Mr. Acevedo from the treatment that all of the parties agree he needs and that the Court has ordered he participate in. The recommend prison sentence presents Mr. Acevedo with a classic "Catch 22" situation: for not doing counseling you go

to prison where we can assure your non-compliance.

V. Conclusion

This Court must determine the appropriate violation sentence just as it does in substantive sentencing; a sentence that is sufficient but not greater than necessary, by incorporating all of the considerations under § 3553(a). Here, the overwhelming consideration must be placed on Mr. Acevedo's rehabilitation. He has violated the probation conditions which directly impact his future success. In response the Court has a recommendation of prison which will ensure that he does not receive the Court ordered treatment. Mr. Acevedo's treatment must trump the other sentencing considerations at this time under these circumstances. The Court must fashion a violation sentence here which allows Mr. Acevedo to remain in the community, remain employed, and remain engaged in counseling.

Respectfully submitted
Hommy Acevedo
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Peter Neronha, Assistant United States Attorney, and Brian Pletcher, USPO on August 21, 2008.

/s/ Kevin J. Fitzgerald